UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND B. GUTHRIE,<br><br>          Plaintiff,<br><br>v.<br><br>JD ENTERPRISE & FINANCIAL SERVICES, *et al.*,<br><br>          Defendants. | Case No. 11-cv-911-L(DHB)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 19], AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 7]** |

On March 8, 2012, Defendants JD Enterprise & Financial Services ("JD Enterprise"), Joseph Dassa, and Joe Willis filed a motion to quash service of the complaint and dismiss under Federal Rule of Civil Procedure 12(b)(5). Defendants also request sanctions against Plaintiff Raymond B. Guthrie and his counsel. Plaintiff opposes. On April 18, 2012, the Court referred this matter to United States Magistrate Judge David H. Bartick to conduct an evidentiary hearing to determine whether service is proper, and whether imposing sanctions is warranted. Following the evidentiary hearing, Judge Bartick issued a Report & Recommendation ("Report"). Neither party has filed any objections to the Report.

For the following reasons, the Court **ADOPTS** the Report in its entirety (Doc. 19), and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss (Doc. 7).

## I.     BACKGROUND

Plaintiff commenced this action on April 28, 2011.  After over nine months of inactivity, on February 10, 2012, the Court issued a notice of hearing for dismissal for want of prosecution under Civil Local Rule 41.1 and Federal Rule of Civil Procedure 4(m).  (Doc. 3.)  Shortly thereafter, on February 23, 2012, the summonses were finally returned executed as to JD Enterprise and Mr. Dassa.  (Docs. 4, 5.)  To date, there is no proof of service on record for Mr. Willis.

On March 8, 2012, Defendants filed a motion to quash service and dismiss the complaint under Rule 12(b)(5).  (Doc. 7.)  Defendants also request that the Court impose monetary and terminating sanctions on Plaintiff and his counsel for Plaintiff's purported bad-faith conduct and fraud on the court.  The bad-faith contention is based on Plaintiff's over nine-month delay to serve the complaint, which only occurred after the Court issued the notice of hearing for dismissal.   The fraud contention is based on Plaintiff filing allegedly false proofs of service.  In light of those serious allegations, the Court referred the matter to Judge Bartick for an evidentiary hearing to determine whether service is proper, and whether imposing sanctions is warranted.

The evidentiary hearing was held on May 15, 2012.

On June 8, 2012, Judge Bartick issued the Report, recommending that the Court consider that Plaintiff personally served JD Enterprise and Mr. Dassa on February 20, 2012, and deny Defendants' request for sanctions.  Judge Bartick also notes that the Report does not address Defendants' motion to dismiss under Rule 4(m) and Civil Local Rule 41.1.  (Report 8 n.6.)  Both parties were given the opportunity to file objections to the Report by June 22, 2012.  To date, neither party has filed any objections.

## II.     LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to

review the magistrate judge's report and recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections are filed, the district court has no obligation to review the magistrate judge's report).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed. These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### III.  DISCUSSION

Judge Bartick ordered that any objections to the Report be filed by June 22, 2012, and any reply be filed by June 29, 2012. To date, neither party has filed objections or made a request for additional time to do so. Therefore, the Court accepts and adopts Judge Bartick's recommendations: Plaintiff personally served JD Enterprise and Mr. Dassa on February 20, 2012, and imposing sanctions on Plaintiff and his counsel is not warranted. The former finding relates to Defendants' motion to dismiss under Rule 12(b)(5), which it resolves and the Court accordingly denies.

The only remaining issue is Defendants' motion to dismiss under Rule 4(m) and Civil Local Rule 41.1. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

And Civil Local Rule 41.1 provides:

> Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk. Such a dismissal must be without prejudice, unless otherwise ordered.

Civil Local Rule 41.1 also adds that "[f]ailure to comply with the provisions of the local rules of this court may also be grounds for dismissal under this rule."

Defendants argue that there is "no good cause for Plaintiff's inaction," waiting eleven months to serve the complaint. (Defs.' Mot. 5:20–6:7.) In light of adopting Judge Bartick's recommendations, the Court rejects Defendants' argument as it applies to JD Enterprise and Mr. Dassa. After being given notice that this action may be dismissed for want of prosecution, Plaintiff properly served JD Enterprise and Mr. Dassa, albeit inattentively late. Plaintiff did not, however, serve Mr. Willis. After being given notice that this action may be dismissed for want of prosecution, an evidentiary hearing that addressed service, *and* the opportunity to object to any of Judge Bartick's findings, Plaintiff still has not served Mr. Willis. Though dismissal is a harsh penalty that should only be imposed in extreme circumstances, Plaintiff's repeated failure to serve Mr. Willis despite ample notice and opportunity to do so warrants his dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

## IV.   CONCLUSION & ORDER

In light of the foregoing, and the reasons stated in the Report that are incorporated herein, the Court **ADOPTS** the Report in its entirety (Doc. 19), and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss (Doc. 7). Specifically, the Court grants the motion insofar as it **DISMISSES WITH PREJUDICE** Defendant Joe Willis, and denies the motion insofar as all of the remaining grounds asserted.

**IT IS SO ORDERED.**

DATED: June 28, 2012

_____
M. James Lorenz
United States District Court Judge