1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

SOUTHERN DISTRICT OF CALIFORNIA

12
13

| | |
|---|---|
| RAYMOND B. GUTHRIE, | Case No. 11-cv-911-L(DHB) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT [DOC. 37]** |
| v. | |
| JD ENTERPRISE & FINANCIAL SERVICES., | |
| Defendant. | |

14
15
16
17
18
19
20
21
22
23
24

Pending before the Court is Plaintiff Raymond B. Guthrie's motion for default judgment against Defendant Joseph Dassa. This action was brought for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). JD Enterprise & Financial Services and Joe Willis have since been dismissed from this action. To date, Defendant has not opposed this motion.

25
26
27
28

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 39.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for default judgment. (Doc. 37.)

I.     **BACKGROUND**

Plaintiff allegedly incurred "certain financial obligations" sometime before September 23, 2010, which were "primarily for personal, family or household purposes[.]"  (Compl. ¶¶ 21–22.) Sometime thereafter, but before September 23, 2010, Plaintiff allegedly fell behind in the payments owed on the debt.  (*Id.* ¶ 24.)  Plaintiff apparently disputes the validity of the aforementioned debt.  (*See id.*)  This alleged debt was "assigned, placed, or otherwise transferred, to Defendants for collection."  (*Id.* ¶ 25.)

On or about September 23, 2010, Defendant telephoned Plaintiff and demanded payment for the debt.  (Compl. ¶ 26; Guthrie Decl. ¶ 2.)  During this communication, Defendant told Plaintiff that he was a process server obligated to serve Plaintiff with legal documents unless Plaintiff called Joe Willis and resolved the problem.  (Compl. ¶ 28; Guthrie Decl. ¶ 3.) Subsequently, Plaintiff called Mr. Willis and was falsely informed that he was an attorney; Plaintiff alleges that Mr. Willis is a debt collector.  (Compl. ¶ 37.)  Mr. Willis "explained to Plaintiff that he now owned the alleged debt which was originally 'a little under $200' but now had risen to over $900 due to his fees."  (*Id.* ¶ 41.)

Plaintiff verbally disputed the debt, but Mr. Willis told Plaintiff that if he did not pay the debt that he would be served with legal papers.  (Compl. ¶ 45.)  At one point during the conversation, Mr. Willis indicated that he had a process server on another call and that he instructed the process server to serve Plaintiff with legal papers.  (*Id.* ¶¶ 48–50.)  Mr. Willis added that failure to pay immediately would result in additional costs and legal fees, which he stated could amount to thousands of dollars.  (*Id.* ¶ 51.)  He also threatened that he would "come after Plaintiff's 'wages, car, and job.'"  (*Id.* ¶ 54.)

Plaintiff inquired about the details of the alleged debt, including how it had increased several hundred dollars from the original amount Mr. Willis claimed Plaintiff owed, but Mr. Willis was not responsive.  (Compl. ¶ 58.)  When Plaintiff refused to pay, Mr. Willis ended the conversation stating "it's your mistake" and that he would see Plaintiff in court.  (*Id.* ¶ 63.)  A few minutes later, Plaintiff called Mr. Willis back and asked for an address where he could write a letter requesting information and validation of the alleged debt, but Mr. Willis refused to give

11cv911

an address, accused him of "buying time," and ended the conversation again by stating, "I'll see you in court." (*Id.* ¶¶ 66–67.) Plaintiff is under the impression and belief that Defendant and Mr. Willis are the same person. (Guthrie Decl. ¶ 12.)

Within 30 days following the phone conversation, Plaintiff's counsel found the business address for Mr. Willis and JD Enterprise & Financial Services, and mailed a letter requesting validation of the alleged debt. (Smith Decl. ¶ 7.) Neither Plaintiff nor Plaintiff's counsel received a written response to the request for validation. (Guthrie Decl. ¶ 13; Smith Decl. ¶ 8.) And to this day, Plaintiff has not been served with any legal paperwork for the alleged debt. (Guthrie Decl. ¶ 14.)

On April 28, 2011, Plaintiff commenced this action for violations of the FDCPA and Rosenthal Act. On September 10, 2012, the Clerk of the Court issued an entry of default as to Joseph Dassa. (Doc. 24.) Following an issuance of a notice of hearing for failure to move for default judgment (Doc. 30) and an order reprimanding Plaintiff's counsel for repeated failures to comply with the rules governing electronic filing (Doc. 33), Plaintiff filed a motion for default judgment against Mr. Dassa. To date, there has been no opposition to the motion.

## II.   LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 U.S.C. § 521; Fed. R. Civ. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. *E.g.*, *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d

11cv911

915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. *Transportes Aereos De Angola v. Jet Traders Inv. Corp.*, 624 F. Supp. 264, 266 (D. Del. 1985).

Entry of default judgment is within the trial court's discretion. *See Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956)). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. DISCUSSION

### A. Statutory Damages

Upon default, the factual allegations in the complaint relating to damages are not taken as true. *Gaddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). However, statutory damages under the FDCPA are available without proof of actual damages. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982). Under the FDCPA, a plaintiff may recover statutory damages of up to $1,000, and under the Rosenthal Act, a plaintiff may recover statutory damages for a willful and knowing violation in an amount not less than $100 but not greater than $1,000. 15 U.S.C. §

11cv911

1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b).  Damages may be awarded cumulatively under both statutes.  15 U.S.C. § 1692n; Cal. Civ. Code § 1788.32; *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066-68 (9th Cir. 2011).

In considering an award of statutory damages, the court "shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).  "Some courts refuse to award any statutory damages where violations are technical or *de minimis*."  *Smith v. Simm Assocs., Inc.*, No. C12-4622, 2013 WL 1800019, at *1 (N.D. Cal. Apr. 29, 2013) (citing *Lester E. Cox Med. Ctr. v. Huntsman*, 408 F.3d 989, 933-94 (8th Cir. 2005)).

For this violation, Plaintiff requests the maximum award of statutory damages under both the FDCPA and the Rosenthal Act.  Upon review, nothing in the facts indicate that this single violation merits a maximum damages award.  But the violation is more than technical or *de minimis*.  The facts strongly suggest that Defendant was misleading and deceptive, from the misrepresentation that Mr. Willis was an attorney to the belief that "Joe Willis" is actually an alias for Mr. Dassa.  (*See* Guthrie Decl. ¶¶ 1–11.)  Given the single but substantial violation, the Court awards Plaintiff $750 under the FDCPA and $750 under the Rosenthal Act.


## B.    Actual Damages

Under the FDCPA, actual damages may be awarded to a plaintiff as a result of the defendant's failure to comply with its provisions.  15 U.S.C. § 1692k(a)(1).  Actual damages include any out-of-pocket expenses as well as damages for personal humiliation, embarrassment, mental anguish, or emotional distress.  *Fausto v. Credigy Servs. Corp.*, 598 F. Supp. 2d 1049, 1054 (N.D. Cal. 2009).  Emotional distress may be proven in a number of ways, including through corroborating medical evidence or non-expert testimony establishing "manifestations of mental anguish [and the occurrence of] significant emotional harm."  *Dawson v. Wash. Mut. Bank F.A.*, 390 F.3d 1139, 1149-50 (9th Cir. 2004).

//

11cv911

1    Plaintiff requests $5,000 in actual damages because "he still is affected by the false

2    threats and abusive collection tactics Defendant Dassa used in his attempt to collect the alleged

3    debt." (Pl.'s Mot. 6:24–28.)  The only evidence that Plaintiff provides is his own declaration

4    which includes three paragraphs (out of eighteen) that discuss the lasting harm that he sustained.

5    (*See* Guthrie Decl. ¶¶ 15–17.)  These three paragraphs state the following: (1) "The collection

6    tactics used by Defendant Dassa caused me to suffer emotional and mental distress"; (2) "I

7    suffered sleeplessness, pessimism, restlessness, anxiety, worry, and irritability as a result of

8    Defendant Dassa's collection abuse"; and (3) "To date I worry that Defendant Dassa may renew

9    his abusive collection activity as he has clearly[.]" (*Id.*)  No further evidence is provided.  And

10   without more, Plaintiff fails to prove that he sustained any lasting harm that warrants awarding

11   him $5,000 in actual damages for personal humiliation, embarrassment, mental anguish, or

12   emotional distress.  *See Fausto*, 598 F. Supp. 2d at 1054.

13

14   **C.    Attorney's Fees and Costs**

15   Both the FDCPA and Rosenthal Act provides for an award of attorney's fees and costs to

16   a prevailing plaintiff.  15 U.S.C. § 1692k(a)(3) (debt collector is liable for "the costs of the

17   action, together with a reasonable attorney's fees as determined by the court"); Cal. Civ. Code §

18   1788.30(c).  "The FDCPA's statutory language makes an award of fees mandatory." *Camacho*

19   *v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

20   Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar

21   method, whereby a court multiplies "the number of hours the prevailing party reasonably

22   expended on the litigation by a reasonable hourly rate." *Camacho*, 523 F.3d at 978 (internal

23   quotation marks omitted).  The fee applicant bears the burden of demonstrating that the number

24   of hours spent were "reasonably expended" and that counsel made "a good faith effort to

25   exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary."

26   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  It is likewise the fee applicant's burden to

27   "submit evidence supporting the hours worked and rates claimed . . . .  Where the documentation

28   of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

11cv911

1    "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the

2    district court may, if circumstances warrant, adjust the lodestar to account for other factors

3    which are not subsumed within it."  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4

4    (9th Cir. 2001).  Those factors—also known as the *Kerr* factors—include:

5              (1) the time and labor required, (2) the novelty and difficulty of the
               questions involved, (3) the skill requisite to perform the legal service
6              properly, (4) the preclusion of other employment by the attorney due to
               acceptance of the case, (5) the customary fee, (6) whether the fee is
7              fixed or contingent, (7) time limitations imposed by the client or the
               circumstances, (8) the amount involved and the results obtained, (9) the
8              experience, reputation, and ability of the attorneys, (10) the
               "undesirability" of the case, (11) the nature and length of the
9              professional relationship with the client, and (12) awards in similar
               cases.

10   *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quoting *McGrath v. Cnty. of*

11   *Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d

12   67, 70 (9th Cir. 1995).

13       Here, Plaintiff's counsel purportedly recorded 22.31 hours at $295 per hour.  That rate

14   appears to be reasonable for this area and community.[1]  However, upon closer inspection of the

15   billing records, Plaintiff's counsel's purported hours recorded do not match the sum of the hours

16   from each billing entry.  After independently adding the hours expended from each billing entry,

17   the sum is 20.11 hours.  (*See* Smith Decl. Ex. A.)  Though arithmetic errors certainly occur, it is

18   nonetheless disappointing to see such mathematical sloppiness in light of the Court reprimanding

19   Plaintiff's counsel for earlier failures in complying with this district's filing requirements.  Using

20   the lodestar method, the new attorney's fee total amounts to $5,932.45.

21       Moving on to the costs incurred, all of the cost and expense descriptions are at least

22   minimally adequate except one.  The billing record for a "cost and expense" incurred on March

23   9, 2012 is merely described as "SWLS #7313" for a charge of $530.  (*See* Smith Decl. Ex. A.)  It

24   is not clear what that charge is for, and thus that amount will be deducted from the total costs

25   requested.  Adjusting for the one ambiguous charge, the total costs amount to $823.28.

26

27

28       [1] The Court notes that Plaintiff loosely supports the proposition that his counsel's billing
     rate is reasonable for this area and community.  (*See* Smith Decl. ¶¶ 27–28.)

1   The Court notes that the overall fee award seems high, but also notes that there was an

2   evidentiary hearing that required a significant expenditure of time to prepare for.  *See Smith*,

3   2013 WL 1800019, at *2 (noting that an overall fee award of $6,494.50 "seems high" for an

4   action prosecuting FDCPA and Rosenthal Act violations).  Accordingly, the Court partially

5   approves of the request, and awards $6,755.73 in fees and costs.

6

7   **IV.    CONCLUSION & ORDER**

8   In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART**

9   Plaintiff's motion for default judgment.  (Doc. 37.)  Specifically, the Court **GRANTS IN PART**

10   Plaintiff's request for statutory damages and attorney's fees and costs, and **DENIES** his request

11   for actual damages.  Judgment shall be entered in favor of Plaintiff in the amount of $1,500 for

12   statutory damages and $6,755.73 for fees and costs, for a total of $8255.73.

13   **IT IS SO ORDERED.**

14

15   DATED: May 20, 2013

16

17   M. James Lorenz
     United States District Court Judge

18   COPY TO:

19   HON. DAVID H. BARTICK
20   UNITED STATES MAGISTRATE JUDGE

21   ALL PARTIES/COUNSEL

22

23

24

25

26

27

28

11cv911